**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JERRY W. JUDKINS,

      Plaintiff-Appellant,

v.

TOM BRENNAN; LARRY A.
FIELDS; STEVE HARGETT; JOE R.
MANNING; CALVINO SAMUEL
MUSE, SR.; HUGH REED; WILLIAM
R. EVANS; DANIEL BINTZ; PHIL
DESSAUER; GREGORY H. HALL,

      Defendants-Appellees.

No. 96-6316
(D.C. No. CIV-96-148-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jerry W. Judkins, an inmate in the Oklahoma prison system, appeals from a district court order granting summary judgment for defendants in this civil rights action brought under 42 U.S.C. § 1983. Although plaintiff pursued several claims in district court, he limits this appeal to two issues: (1) whether his transfer from a medium security prison in Oklahoma to a maximum security prison in Texas, without notice and a hearing, violated due process; and (2) whether his brief out-of-state incarceration violated his right of access to the courts because of the allegedly inadequate legal facilities available. On de novo review, Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996), we affirm for substantially the reasons stated by the district court.

The district court rejected plaintiff's contentions regarding notice and a hearing because his interstate prison transfer did not implicate *any* due process guarantees--either directly, as a matter of general constitutional principle, Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983), or indirectly, as a function of specific state-created interests warranting constitutional protection, see id. at 248-51. We agree, and add that plaintiff's attempt to derive a constitutionally cognizable

-2-

interest from state law is foreclosed because neither out-of-state transfer nor maximum security custody "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995); see also Penrod v. Zavaras, 94 F.3d 1399, 1406-07 (10th Cir. 1996).

The district court rejected plaintiff's access-to-court claim because he had not alleged, much less shown, actual prejudice to the conduct of litigation, which we have required when the alleged lack of access was very brief. See Beville v. Ednie, 74 F.3d 210, 213 & n.5 (10th Cir. 1996). The district court's analysis gains additional support from a recent Supreme Court decision clarifying that, as a general matter, an inmate alleging inadequate legal resources "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [nonfrivolous] legal claim." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

-3-